# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY FITCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH GALLAND, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-CV-0489- JLT<br><br>ORDER RE VOLUNTARY DISMISSAL<br>(Doc. 53) |

　　　　On March 27, 2017, the Court ordered the plaintiff to show cause why sanctions should not be imposed for his failure to comply with the Court's orders to cooperate in the development of a joint statement and to appear at the mandatory scheduling conference. (Doc. 51)

　　　　In the meanwhile, on March 30, 2017—three days after the scheduling conference was completed—the plaintiff filed a statement in which he reported that he had spoken with opposing counsel and made an offer to settle which counsel indicated she would relate to her client, though she indicated also that her client generally chose to have a trial.[1] (Doc. 52 at 1)  When he did not hear back from counsel, it appears he took no further action until he mailed his own scheduling report on March 26, 2017—just one day before the morning of the mandatory scheduling conference. Id.  Nevertheless, the document sets forth the plaintiff's positions on the various issues required. Id. at

---

[1] Oddly, this offer to settle is contrary to the plaintiff's later statement that "absent some initial discovery, settlement is not possible at this time." (Doc. 52 at 4)

On April 5, 2017, in response to the order to show cause, Mr. Fitch filed a notice of voluntary dismissal in which he details that the dismissal is anything but voluntary. (Doc. 53) This document blames the Court and opposing counsel for his failures to comply with the Court's orders. Id. For example, first, he complains that opposing counsel lied when she reported to the Court that he failed to provide his input into the scheduling report. Id. at 1. He complains also that opposing counsel has not provided him any information in the mail or by telephone.[2] Id. However, the Court notes that defendant's attorney filed proof of service, sworn under penalty of perjury, that a copy of the report was sent to the plaintiff at his address. (Doc. 48 at 11) Of course, by failing to appear at the scheduling conference, plaintiff forewent his opportunity to explain this discrepancy to the Court.

Second, he complains that the Court only recently provided him a telephone number that would allow him to appear by telephone and intimates the Court has withheld this information from him in the past. (Doc. 53 at 2) Notably, however, Mr. Fitch *has* appeared in this court before and *never* indicated at that time that he was unable to appear in court in person in the future.[3] Moreover, the Court has only very recently—indeed, only on March 3, 2017—obtained the ability to provide court-sponsored, teleconferencing services to litigants. Thus, he has *never* been deprived of an ability to appear by telephone in this Court for as long as this service has been provided by the Court.[4]

Third, the Court has no understanding, and he fails to explain, why he feels continuing to prosecute this case will cause "harm" to him or his family. (Doc. 53 at 2) He states that he feels that his wife is being prosecuted for crimes and that he believes that this relates to this current lawsuit. Id. The Court has no information as to whether this is true but, it appears, even if it is, it is doubtful that dismissing this lawsuit will have any positive effect on that criminal prosecution. On the other hand, he is certainly within his rights to dismiss the case.

---

[2] He claims also that he "has not received any of the things claimed by this court or opposing counsel at the address and phone # above." (Doc. 53 at) However, the Court does not claim he received the draft scheduling conference report at his address; indeed, it lacks any knowledge of how the defense attorney transmitted it to him. It is aware only of what has been told it.

[3] Mr. Fitch may not be aware that everything said in the courtroom is recorded. Though the Court has a clear memory of the January 6, 2017 hearing, it listened to the recordings before drafting this order.

[4] In fact, the only hearings that have been held in this case include the January 6, 2017 hearing on the motion to dismiss (Doc. 43)—at which the plaintiff appeared in person with a friend and without his children present—and the March 27, 2017 mandatory scheduling conference (Doc. 50) at which he failed to appear and failed to file anything in advance of the hearing detailing his inability to appear.

Finally, to suggest that the Court has feelings one way or the other about whether he should continue in this litigation is misplaced.  The Court's only concern is that if he chooses to continue in this litigation, he **must** appreciate the obligations he has toward this case and the Court and he must complete them timely.  He must choose either to comply with these obligations and the deadlines associated with them or the case will, eventually, be dismissed voluntarily or voluntarily. Alternatively, he may retain the services of a lawyer.  Toward this end, Mr. Fitch indicates that he is aware of lawyers "down south" who will accept these cases but knows of none in this area who will. The Court is aware of numerous attorneys who file cases against Child Protective Services on a contingency basis—meaning the client does not pay unless the client wins—and, of course, even if they are located out of the area, these attorneys are permitted to prosecute cases here.  Though it may take effort to call around to the various law firms to find someone interested in this case, the Court has little doubt that the effort could be fruitful.  In any event, whether he chooses to hire a lawyer is a decision Mr. Fitch must make and it makes absolutely no difference to the Court whether he does so.

Therefore, the Court **ORDERS**:

1.   **No later than April 14, 2017**, plaintiff, Joey Fitch, **SHALL** notify the Court whether he wishes to continue in this litigation or whether he wishes the Court to dismiss the action.

**The plaintiff is advised that his failure to comply with this order will result in the Court determining that he *does* wish to voluntarily dismiss of this action and will do so.**

IT IS SO ORDERED.

Dated:   **April 6, 2017**               */s/ Jennifer L. Thurston*
                                          UNITED STATES MAGISTRATE JUDGE