# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY FITCH, | ) Case No.: 1:16-cv-0489 - JLT |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S REQUEST TO DISMISS THE ACTION[1] |
| v. | ) (Doc. 54) |
| JOSEPH GALLAND, et al., | ) |
| Defendants. | ) |

On March 27, 2017, the Court ordered Plaintiff Joey Fitch to show cause why sanctions should not be imposed for his failure to comply with the Court's orders to cooperate in the development of a joint statement and to appear at the mandatory scheduling conference. (Doc. 51) In response, Plaintiff filed a notice of voluntary dismissal, though it did not appear to be voluntary. (Doc. 53)

Because it was unclear whether Plaintiff was seeking legal representation to proceed with the action, the Court ordered Plaintiff to "notify the Court whether he wishes to continue in this litigation or whether he wishes the Court to dismiss the action" no later than April 14, 2017. (Doc. 54 at 3) In addition, Plaintiff was "**advised that his failure to comply with this order will result in the Court determining that he *does* wish to voluntarily dismiss of this action and will do so**." (*Id.*, emphasis in original) To date, Plaintiff has not responded to the Court's order.

---

[1] Because the Court grants the plaintiff's request to dismiss the action, the defendants' motion to dismiss (Doc. 55) is **MOOT**.

1

**I.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**II.     Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that failure to comply with a Court's order "may result in the dismissal of this action." (Doc. 51 at 2, emphasis omitted)  Again, in the Order seeking clarification regarding whether Plaintiff wished to dismiss the action or was seeking legal representation to continue the action, he was cautioned that "**failure to comply with this order will result in the Court determining that he *does* wish to voluntarily dismiss of this action and will do so**." (Doc. 54 at 3).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders and his failure to prosecute the action, and these warnings satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply with its orders.  *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).

Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

**III.    Conclusion**

Plaintiff failed to comply with, or otherwise respond to, the Court's order dated April 6, 2017. (Doc. 54).  In doing so, Plaintiff has indicated his willingness to dismiss this action.  (*See id.* at 3)

Accordingly, the Court **ORDERS**:

1. The plaintiff's request to dismiss the action voluntarily (Doc. 53) is **GRANTED** and the action is **DISMISSED** without prejudice; and
2. The Clerk of Court **is DIRECTED** to close this action, because this Order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:    **April 20, 2017**                        **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE